IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv232

| | |
|---|---|
| BELINDA HUSKEY and JAMES LOYD HUSKEY,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA HOME LOANS, and NEW CENTURY MORTGAGE, ISAOA,<br><br>    Defendants. | ***ROSEBORO*** **ORDER** |

    Pending before the Court is the Defendant Bank of America Home Loans's Motion to Dismiss [# 8]. Plaintiffs are proceeding *pro se* and will be advised of their obligations to respond and the time for doing so.

    In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiffs, who are proceeding *pro se*, are cautioned that Defendant has filed a Motion to Dismiss contending that the Complaint fails to state a claim. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where a party has failed to state a cause of action as a matter of law. This language means that in responding to the motion to dismiss, Plaintiffs must show that they have made sufficient allegations to support a cause of action against such defendant that is recognized by law. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative

level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "plausible on its face." Id., at 570. The court again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (May 18, 2009). In Ashcroft, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S. Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal quotation and citation omitted). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id.

While the court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on

a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP</u>, 213 F. 3d 175, 180 (4th Cir. 2000).

Finally, Plaintiffs are advised that the method for responding requires that they file a written "response" to Defendant's motion within the time allowed by this Order. A copy of such response must be sent to counsel for all other parties, and Plaintiffs must certify that they have made such service in a "certificate of service" indicating the manner in which such service was made.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiffs file their written response to Defendant's Motion to Dismiss [# 8] by January 31, 2012.

Signed: January 20, 2012

Dennis L. Howell
United States Magistrate Judge