# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:11cv232

| | | |
|---|---|---|
| BELINDA HUSKEY and JAMES LOYD HUSKEY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM AND RECOMMENDATION** |
| BANK OF AMERICA HOME LOANS, and NEW CENTURY MORTGAGE, ISAOA, | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Pending before the Court is Defendant Bank of America Home Loans's ("Defendant") Motion to Dismiss [# 8]. Plaintiffs, who are proceeding *pro se*, brought this action against Defendant asserting claims related to a promissory note and a deed of trust. Defendant moves to dismiss the Complaint in its entirety. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 8] and **DISMISS** the Complaint.[1]

## I.      Background

The Complaint alleges that Plaintiffs and Defendant entered into a contract or promissory note. (Pl.'s Compl. ¶ 2.) Plaintiffs contend that Defendant altered this contract and voided any enforcement of a remedy it may have had under the terms of the contract. (Id. ¶ 5.) The Complaint also contains a number of other

---

[1] It does not appear that Plaintiffs perfected service against Defendant New Century Mortgage, ISAOA. [# 11].

vague allegations including:

(1)    that Defendant failed to issue constitutional dollars in the transactions, instead issuing unconstitutional credit;

(2)    that Defendant failed to disclose a material fact concerning the demanded deposit of the "not pledge" that resulted in Plaintiffs being the true lender in the transaction;

(3)    that Defendant uses "Goldsmiths" to keep coins on deposit in their warehouses and create money out of thin air;

(4)    that Defendant failed to disclose information to Plaintiffs.

(Id. ¶¶ 7-11.)

## II.    Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must

contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

Plaintiffs' Complaint fails to set forth any plausible factual allegations supporting a claim against Defendant. Plaintiffs do not allege how the Defendant

allegedly altered the promissory note, what information Defendant failed to disclose to Plaintiffs, or any factual allegations that could possibly support each of the elements of a claim against Defendant. See Consumeraffairs.com, 591 F.3d at 256. Moreover, Plaintiffs' allegations that Defendant uses "Goldsmiths" to create money and issued unconstitutional credit or money are patently frivolous and cannot support a claim against Defendant. See e.g., Barber v. Countrywide Home Loans, Inc., No. 2:09cv40-GCM, 2010 WL 398915, at *4-5 (W.D.N.C. Jan. 25, 2010) (Howell, Mag. J.) (rejecting "vapor money theory" and "unlawful money theory" as frivolous); Barnes v. Citigroup Inc., No. 4:10cv620, 2010 WL 2557508, at *2 (E.D. Mo. Jun. 15, 2010) (collecting cases). Put simply, the Complaint fails to allege any plausible factual allegations stating a claim against Defendant. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 8].

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 8] and **DISMISS** the Complaint.

Signed: April 6, 2012

_____

Dennis L. Howell
United States Magistrate Judge

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).